###### IN THE

## SUPREME COURT OF JUDICATURE

###### OF THE

## STATE OF NEW YORK,

###### IN JANUARY TERM, 1838, IN THE SIXTY-SECOND YEAR OF THE INDEPENDENCE OF THE UNITED STATES.

---

## A. & S. E. SALISBURY *vs.* STAINER and others.

In the sale of hemp put up in bales, there is no implied warranty that the interior shall correspond in quality with the exterior of the bales; and if there be fraud, the vendor is not responsible in damages, unless it be shown that he was privy to it.

Where the purchaser opens and examines one of several bales, and is at liberty to open others, but omits to do so, and the quality of the hemp in the bales not examined does not correspond with that opened, he is not permitted to allege that the sale was a sale by sample, nor to contend that he is entitled to recover damages as on an implied warranty.

THIS was an action *on the case*, tried at the Rensselaer circuit in September, 1835, before the Hon. JAMES VANDERPOEL, then one of the circuit judges.

The plaintiffs declared for *deceit* in the sale of 184 bales of *Italian hemp*, amounting to 64,850 lbs., for which the plaintiffs paid the defendants at the rate of $210 per ton, the sum of $5775,71, besides charges for cartage. The declaration also contained counts on a *warranty*. The defendants pleaded the general issue. When the hemp came to be worked, it was discovered that the interior of the bales was very different from the exterior, not only being of an inferior

quality, but containing large quantities of tow. The plaintiffs opened and worked 12 bales, and re-shipped the remainder to the city of New-York where the defendants resided, and tendered the hemp to the defendants, demanding a return of the money paid for it. The hemp was examined in New-York by two men experienced in the article, who concurred in stating that it was not worth more than $150 per ton. The plaintiffs produced a letter, accompanying the invoice received by them from the defendants, containing the following clauses : " There is no more *first quality* hemp now remaining, but we should be glad to sell our *third quality* at about $175, if you have any use for it. We have only 8 tons of it on hand. Our *second quality* we hold at $205 for retail ;" and " Advices received from Trieste this morning by the English packet, quote *first quality* Ferrara hemp, *same as sold to you*," &c. The plaintiffs also proved that the defendants, in speaking of the hemp in question to *other persons* to whom they offered to sell the same previous to the sale, to the plaintiffs, represented it as hemp of the *first quality*. On the part of the defendants, it was proved that the purchase was made by the plaintiff S. E. Salisbury ; that the hemp at the time of the purchase was not in the defendant's store house, but in the store house of Messrs. De Rham & Moore ; that the defendants sent a person in their employment to the store of De Rham & Moore to show the hemp to the plaintiff, telling him at the same time, *examine well for yourself ;* the plaintiff proceeded to where the hemp was, cut open a bale, and though he said nothing, appeared satisfied with the quality. The witness testified that the plaintiff might, if he had so chosen, have cut open every bale : he had the opportunity. It was further proved that the plaintiffs disavowed charging the defendants with fraud in the sale of the hemp.

The counsel for the plaintiffs conceded that there could be no recovery on the ground of fraud, but insisted that the plaintiffs were entitled to a verdict on the grounds : either that an *express warranty* had been proved, or that the sale was *by sample*, from which a *warranty might be implied* that the bulk of the article should correspond with the exte-

rior of the bales. The judge charged the jury that if the plaintiffs were entitled to recover, it must be on the ground of an *express warranty* or a *sale by sample ;* that whether the representations of the plaintiffs amounted to an express warranty, or were mere matter of opinion or description, was a question for the jury; that the sale being by inspection of an article that could not be examined, there was an implied warranty that the inside of the bales corresponded with the outside ; and if they believed that the inside did not correspond, but was defective, the plaintiffs would be entitled to their verdict. He also instructed them to find *specially* whether the sale was on an express warranty or by sample. The jury found that the sale was by sample, and gave the plaintiffs a verdict for $6110,45. The defendants' counsel having excepted to the charge, and obtained a bill of exceptions to be sealed, now moved for a new trial.

ALBANY,
January, 1838.

Salisbury
v.
Stainer.

*D. Graham,* for defendants.

*H. P. Hunt,* for plaintiffs.

*By the Court,* BRONSON, J. This was not a sale by sample. Salisbury was told to examine, and did examine the hemp for himself. He inspected the bales, cut open one of them, and was at liberty to open others, had he chosen to do so. If he was not satisfied of the quality and condition of the goods, he should either have proceeded to a further examination, or provided against a possible loss by requiring a warranty. Where the purchaser has an opportunity to inspect the goods, no principle is better settled than that the seller, in the absence of fraud, is not answerable for latent defects. The rule in such cases is *caveat emptor.* The judge erred in charging the jury that there was an implied warranty that the inside should correspond with the outside of the bales. It is unnecessary to examine the other exceptions taken on the trial.

New trial granted.